CLAY COUNTY OIL & PIPE LINE CO. v. MARKOWITZ et al.

(Court of Civil Appeals of Texas. Texarkana. July 4, 1911. Rehearing Denied Oct. 5, 1911.)

CONTINUANCE (§ 44*)—APPLICATION—REQUISITES.

An application for a continuance on the ground of the absence of witnesses not supported by affidavit, as required by Rev. St. 1895, art. 1278, as amended by Acts 25th Leg. c. 91, is properly denied, though it is sufficient in all other respects.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. § 128; Dec. Dig. § 44.*]

Appeal from District Court, Clay County; A. H. Carrigan, Judge.

Action by Julius Markowitz against the Clay County Oil & Pipe Line Company and another. From a judgment for plaintiff, defendant company appeals. Affirmed.

Taylor & Jones, for appellant. A. A. Hughes, for appellees.

WILLSON, C. J. The suit was by appellee Markowitz against appellant and appellee Thomas Usherwood to try the title to 179.8 acres of land in Clay county, and for damages. The petition was filed April 11, 1910. Appellant's original answer was filed April 26, 1910; and on May 31, 1910, it filed an application to continue the cause for want of the testimony of appellee Markowitz and of appellee Usherwood. The application was not sworn to. June 3, 1910, the application was

overruled, and on the same day a judgment was rendered in favor of appellee Markowitz against appellant and appellee Usherwood. The appeal was by the Oil & Pipe Line Company alone, and the only error assigned is the action of the trial court in overruling the application for a continuance. It is not necessary to consider whether the testimony desired appeared from the application to be material or not, nor whether it was shown that due diligence to procure it had been used or not. The law required the application to be supported by affidavit. Rev. St. art. 1278, as amended by Act 1897, Gen. Laws, p. 117. As this requirement was not complied with, even if the application were sufficient in all other respects, it cannot be held that the trial court erred in overruling it.

The judgment is affirmed.